Battle, J.
 

 The defense set up on the part of the defendant, is full and complete in any aspect in which the case can be
 
 *57
 
 viewed. If the widow of the testator sold the slaves in question in her capacity of executrix, as it was found by the jury that she did, it is conceded that the purchaser acquired an absolute title. But the plaintiff contends that she sold as legatee, for that the finding of the jury that she sold otherwise is without evidence, and, that having sold as legatee, the purchaser acquired only her life-estate, leaving an interest in her as executrix, which since her death, can be asserted by the plaintiff as administrator
 
 cle bonis non
 
 of her testator. The coun-'el admits that in ordinary cases, where the personal property is limited over after the death of the tenant for life, the assent of an executor or executrix, to the life-tenant, would be an assent also to the' ulterior legatee, and that, in such case, a sale of the absolute interest by the legatee for life, could not, after the death of such legatee, be questioned by an administrator
 
 do bonis non
 
 of the testator, but only by the ulterior legatee himself;
 
 Hailes
 
 v. Ingram, 6 Ired. Eq. 477;
 
 Quince
 
 v. Nixon, 6 Jones’ Rep. 289. He contends, however, that the rule is different where, by the provisions of the will, or the law, the executor has a duty to perform in relation to the property which requires that the title shall remain in him after the termination of the life-estate, and for this he cites
 
 Dunwoodie
 
 v. Carrington, 2 Oar. L. Repos. 409;
 
 Allen
 
 v. Watson, 1 Murph. Rep. 189. Those were cases where the duty was prescribed by the testator in his will. In the present case, the counsel insists that the duty is imposed by the statute which makes provision for children, born after the making of a will, and unprovided for by their parents. See Rev. Code, ch. 119, sec. 29,
 
 et seq.
 
 We are clearly of opinion that no such effect cun be given to the statute. It is true that the 30th section requires that the petition, or bill, which it directs to be filed, shall make the personal representative a party, but it also directs in the 37th section, that “the rights of such after-born children shall be a lien upon every part of the parent’s estate until his several share thereof shall be set apart.” There is no necessity, then, for holding that an assent by an executor to a life-estate shall not operate under the
 
 *58
 
 general rule, as an assent to the ulterior executory interests. In the present case, the argument is self-destructive. If the statute for the purpose of preserving (lie rights of the after-born children, prevented the assent of the executrix from passing the ulterior interest in the slaves, it must also, for the same reason, have operated to prevent the passing of the life-estate, and then the sale by the widow, who was both executrix and tenant for life, must have been made in her capacity of executrix, which of course conveyed an absolute title to the purchaser under whom the defendant claimed.
 

 Pur Curiam,
 

 Judgment affirmed.